Argued April 19, affirmed July 2, 1979

STATE OF OREGON, *Respondent,*
*v.*
KEITHAL OLIN FERRELL, *Appellant.*
(No. 35151, CA 12399)
596 P2d 1011

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals his conviction of the felony, driving while his license to do so was suspended, contending that an incriminating statement he made immediately after being stopped by the police officer should have been excluded from evidence because, he contends, he was in custody and no *Miranda*[1] warnings were given. We affirm.

Defendant and his friend, Terry Lee, were seen outside a tavern in Amity by an Amity police officer, who told each of them that he thought they were intoxicated and they should not drive. About a half hour later the officer returned to the tavern where he saw Lee's automobile leaving the parking lot, and he followed it. The officer stated that the car was being driven erratically, and that it turned around and speeded up when the officer turned on his overhead lights. The officer said he saw defendant driving, and when the car stopped, the officer saw a head duck down and the driver's door open. Lee got out and slipped into the driver's seat. The officer asked defendant, who was then on the passenger's side, to step out of the vehicle, which he did. The officer asked defendant why he had swapped seats, to which defendant responded that he was driving, but would deny having been doing so because his license was suspended.

Defendant contends that he was in custody under our analysis in *State v. Paz,* 31 Or App 851, 572 P2d 1036, *rev den* 282 Or 189 (1977), and that he made the incriminating statement about driving while his license was suspended in response to questions put by the police officer without the officer's having advised defendant of his *Miranda* rights.

Our opinion in *Paz* did not go so far. In that case we attempted to summarize the factors which had been involved in prior decisions in determining whether or

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

not statements made by the defendant were the result of custodial interrogation. Among the factors discussed was whether the defendant could have left the scene of the interrogation voluntarily. Defendant here relies on this factor because the police officer testified that he would not have permitted defendant to leave the scene if he had tried. There is no indication that this fact was communicated to defendant, however, and unless it can be said that every traffic stop involves custody[2] for *Miranda* purposes, defendant was not in custody here. We decline to so hold.

The setting was more investigatory than custodial. Clearly, the officer had the right to stop the automobile, regardless of which of the two was driving, pursuant to ORS 131.615.[3] The officer had a basis for reasonably suspecting that the driver, whichever one he was, might be intoxicated. Having the right to stop, he had the right to detain the one he reasonably suspected to be the driver and make reasonable inquiry. Further, since the officer had observed defendant driving and had seen the two men switching positions in the vehicle immediately after the car they were in stopped, his inquiry to defendant as to why they had done so was a reasonable inquiry of the sort authorized by ORS 131.615. The switching of places by defendant and Lee created a reasonable suspicion that

---

[2] We note that under the rationale of the Supreme Court in *State v. Heintz,* 286 Or 239, 594 P2d 385 (1979), defendant may have been under arrest for purposes of the Fourth Amendment to the United States Constitution. We also note that in *State v. Tucker,* 286 Or 485, 595 P2d 1364 (June 5, 1979), the Court upheld the denial of a motion to suppress statements made by defendant after a "pretext" stop for a traffic violation which culminated in his being charged with burglary. The *Miranda* question was neither raised nor discussed.

[3] ORS 131.615 provides:

"(1)  A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry.

"(2)  The detention and inquiry shall be conducted in the vicinity of the stop and for no longer than a reasonable time.

"(3)  The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

[54]

a crime[4] other than driving while under the influence might have been involved justifying a further inquiry into that suspicious act.

Under similar facts, we held in *State v. Mitchell,* 35 Or App 809, 583 P2d 14 (1978), that defendant's statements were not the result of custodial interrogation and need not be excluded for failure of the police to give *Miranda* warnings. In *Mitchell,* as here, the statements were made within a minute or so after the police stopped the defendant, and there was nothing to indicate a "coercive environment" to which *Miranda* has been held to be limited. *Oregon v. Mathiason,* 429 US 492, 97 S Ct 711, 50 L Ed 2d 714 (1977). *Miranda* warnings were not required under the circumstances of this case.

Affirmed.

---

[4] For example, Lee might reasonably have been suspected of hindering prosecution under ORS 162.325, which provides:

"(1)   A person commits the crime of hindering prosecution if, with intent to hinder the apprehension, prosecution, conviction or punishment of a person who has committed a crime punishable as a felony, or with the intent to assist a person who has committed a crime punishable as a felony in profiting or benefiting from the commission of the crime, he:

"(a)   Harbors or conceals such person; or

"(b)   Warns such person of impending discovery or apprehension; or

"(c)   Provides or aids in providing such person with money, transportation, weapon, disguise or other means of avoiding discovery or apprehension; or

"(d)   Prevents or obstructs, by means of force, intimidation or deception, anyone from performing an act which might aid in the discovery or apprehension of such person; or

"(e)   Suppresses by any act of concealment, alteration or destruction physical evidence which might aid in the discovery or apprehension of such person; or

"(f)   Aids such person in securing or protecting the proceeds of the crime.

"(2)   Hindering prosecution is a Class C felony."