Argued and submitted July 28,
reversed and remanded for trial September 8, 1980

## STATE OF OREGON,
*Appellant,*

*v.*

## HARRY WILLIAM MEDENBACH,
*Respondent.*

(No. 79-24345, CA 16956)

616 P2d 543

Frank R. Papagni, Jr., Eugene, argued the cause for appellant. With him on the brief were J. Pat Horton, District Attorney, and Dennis L. Ulsted, Assistant District Attorney, Eugene.

No appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

The state appeals from a pretrial ruling of the district court suppressing certain recorded statements made by defendant to a police officer at the time defendant was stopped for erratic driving. The court held the evidence inadmissible because 1) defendant had indicated his desire not to talk to the officer, and 2) the officer had told defendant that if defendant did not cooperate the officer would arrest him and take him to jail.

The essential facts presented at the pretrial hearing on defendant's motion to suppress were as follows:

Following the stop, the officer advised defendant that their conversation was being tape-recorded. The officer explained why he had stopped defendant and began asking defendant questions about his consumption of alcohol that evening. When the officer asked what time defendant began drinking, defendant replied: "I don't think we should go on with this. If you want to give me a ticket * * *." The officer replied that he could not determine whether to give him a ticket unless he asked some questions. Defendant replied, "All right, go ahead." Immediately thereafter, the officer asked defendant to perform a heel-to-toe-walking field sobriety test, as well as standing at attention, touching his nose with his finger, and reciting the alphabet. The officer testified that while he did not feel he had enough evidence to arrest defendant at the time defendant first said he didn't want to "go on with this," he did testify that he felt defendant did poorly on all the field tests which followed. After attempting the alphabet test just mentioned, defendant told the officer, "I don't have no time for this * * *. [I]f you want to give me a ticket, give me a ticket, or lock me up or whatever the hell you're going to do * * *."

The officer responded by telling defendant, "If I have to make a judgment, you're going to have to go to jail. All I'm doing is giving you the opportunity to prove to me that there is nothing wrong with you." Defendant then agreed to do the rest of the tests, including reciting the alphabet, and was thereafter arrested for driving under the influence of intoxicants and advised of his *Miranda* rights.

The trial court found that all statements made by defendant between the time he was told by the officer that he would be arrested if he did not consent to perform some field sobriety tests and the time he was advised of his *Miranda*[1] rights were inadmissible on the ground that defendant had expressed a "definite desire not to talk to the officer" and that the officer had responded by threatening to arrest defendant. The court found further that the manner in which defendant recited the alphabet field sobriety test was testimonial in nature and also inadmissible because it was not voluntarily made.

On appeal the state argues that defendant was not in custody at the time the officer questioned him, that the questioning was part of an ongoing investigation to determine if defendant was fit to drive, and that defendant's statements were purely voluntary. Second, even assuming, arguendo, that defendant's incomplete recitation of the alphabet was involuntary, it was a part of the same ongoing investigation and was not testimonial in nature.

Defendant filed no appearance or brief in this court.

■ For reasons which follow, we conclude that the challenged statements by defendant to the police officer were voluntary and were admissible.

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

ORS 131.615 provides:

"(1)   A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry.

"(2)   The detention and inquiry shall be conducted in the vicinity of the stop and for no longer than a reasonable time.

"(3)   The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

In *State v. Taylor,* 249 Or 268, 437 P2d 853 (1968), our Supreme Court held that, although a police officer investigating an automobile accident, precipitated by the fact that defendant entered a highway by way of an exit ramp rather than an entrance ramp, asked more questions than the minimum necessary to establish probable cause for arresting defendant on a charge of drunken driving, the officer's preliminary questioning did not produce inadmissible evidence under the *Miranda* rule.

Similarly, in *State v. Ferrell,* 41 Or App 51, 596 P2d 1011 (1979), where a police officer reasonably suspected that the driver of a car he saw on the highway was intoxicated and saw the driver switch places after the car was flagged down, we held that the officer was justified in making reasonable inquiry, that defendant driver was not in custody while answering the officer's questions immediately following the stop, and no *Miranda* warnings were required as to incriminating admission made by defendant during the course of the officer's questioning. *Accord: State v. Mitchell,* 35 Or App 809, 583 P2d 14 (1978), *rev den* 285 Or 73 (1979).

In *State v. Randolph,* 241 Or 479, 406 P2d 791 (1965), a *pre-Miranda* case, defendant was convicted of driving without an operator's license. Our Supreme Court held that where a police officer investigating

the collision of defendant's automobile with a parked car and did not inform defendant who admitted driving into the parked car of his right to counsel and right to remain silent was admissible where the questions asked were purely investigatory. *See also Oregon v. Mathiason,* 429 US 492, 97 S Ct 711, 50 L Ed 2d 714 (1977).

■     Next, we do not regard defendant's statements,

> "I don't think we should go on with this. If you want to give me a ticket * * *."

and

> "I don't have no time for this * * * [I]f you want to give me a ticket, or lock me up or whatever the hell you're going to do * * *."

as a request for counsel or requiring that the investigation cease. Rather, they were expressions of defendant's irritation at being pulled over and challenged by the officer concerning his ability to drive. Further, defendant in both instances agreed thereafter to submit to the field sobriety tests. *Cf. State v. Turner,* 32 Or App 61, 573 P2d 326 (1978).

■     Next, the action of the officer in advising defendant that he would have to be arrested unless he agreed to take some field sobriety tests was not constitutionally objectionable coercion because the trooper then had probable cause to arrest defendant for driving under the influence. Therefore, the officer threatened "only to do what the law permitted him to do." *State v. Douglas,* 260 Or 60, 488 P2d 1366 (1971), *cert den* 406 US 974 (1972); *State v. Bopp,* 16 Or App 604, 519 P2d 1277 (1974).

■■     Lastly, tape-recorded evidence of defendant's manner of speech and inability to correctly recite the alphabet, which was one of the field sobriety tests, was not testimonial in nature and does not violate the privilege against self-incrimination. *Schmerber v. California,* 384 US 757, 86 S Ct 1826, 16 L Ed 2d 908

(1966); *United States v. Wade,* 388 US 218, 222-23, 87 S Ct 1926, 18 L Ed 2d 1149 (1967); *State v. Reynolds,* 43 Or App 619, 603 P2d 1223 (1979); *affirmed* 289 Or 533, 614 P2d 1158 (1980). Such tests, including blood alcohol and breathalyzer tests, are physical evidence having nothing to do with what the motorist may admit or confess. Thus, failure to advise a motorist of his *Miranda* rights does not exclude evidence of such tests. *State v. Bhattacharya,* 18 Or App 327, 525 P2d 203, *rev den* (1974).

Reversed and remanded for trial.