Submitted on record and briefs January 11, affirmed August 4, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# PATRICIA LEE GREER,
*Appellant.*

## (DUC-1114; CA A22033)

648 P2d 1338

James B. Richardson, Robin E. Pope, and Rueppell, Crow & Richardson, Beaverton, filed the brief for appellant.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Virginia L. Linder, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals her conviction for driving under the influence of intoxicants, contending that the trial court erred in denying her motion to suppress all statements made by her to the arresting officer after she was initially placed under arrest. We affirm.

Defendant was stopped by a police officer, who advised her that their conversation was being tape-recorded. He then explained to her that he stopped her because she did not have her headlights on even though it was dark, and that she was driving a little erratically. He also pointed out to her that when she stopped in response to the officer's flashing overhead lights, she almost ran into a vehicle parked in front of where she stopped. The officer then asked her whether she had been drinking. She said that she had had a couple of beers. The officer then pointed out that she had "a short case and a gallon of wine" in her car. She said that she had picked that up to take it home.

At that point the officer asked her to perform some field sobriety tests. She said that she did not want to do "any of that," refused to answer questions and refused to undertake the field sobriety tests. The officer then told her that he was placing her under arrest. It is at that point that defendant contends she was entitled to be advised of her rights under *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966). The motion to suppress related to all statements made by her after that time. What followed, however, was not interrogation, but, rather, a series of attempts by the officer to have defendant perform various field sobriety tests. She attempted some of them, but did not perform very well, and then reverted to her refusal to attempt further tests. On at least two occasions, the officer told defendant he would give her "one more chance."

Further efforts were made to have defendant perform sobriety tests and further refusals, which included an increasing amount of profanity. At one point, she got out of her vehicle to attempt the finger-to-nose test, but then got back in it. The officer asked her to get out, and when she refused, the officer said he would have to take her out bodily. He advised her again that she was under arrest.

Finally she got out of the vehicle, was handcuffed, advised of her *Miranda* rights and taken to jail in the officer's car.

Because defendant's motion was not directed at the statements made by the defendant in response to the initial questions put to her by the officer relating to her drinking that evening, we need not decide whether *State v. Roberti,* 293 Or 59, 644 P2d 1104 (1982) (opinion of Lent, J., adopted as the opinion of the court on rehearing, 293 Or 236, 646 P2d 1341 (1982), requires that a person stopped on reasonable suspicion of driving under the influence be advised of his *Miranda* rights prior to any questioning intended to evoke inculpatory responses. None of the tape-recorded evidence sought to be suppressed here was testimonial in nature, and it was, therefore, not suppressible. *State v. Medenbach,* 48 Or App 133, 616 P2d 543 (1980).

Defendant's motion to suppress was properly denied.[1]

Affirmed.

---

[1] Defendant also objected to the admission of the tape recording at trial, but the objection was on the same ground asserted in the motion to suppress.