Argued and submitted August 28, 1987, affirmed August 10, reconsideration denied October 14, petition for review denied by opinion November 30, 1988 See 307 Or 170 (1988)

STATE OF OREGON,
*Respondent,*

*v.*

RONALD DALE BATES,
*Appellant.*

(J86-1110; CA A42141)

758 P2d 421

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Charlene Woods, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his convictions for burglary in the first degree and theft in the first degree after a trial on stipulated facts. He assigns error to the trial court's denial of his motion to suppress stolen property discovered in a warrantless search and custodial statements made by him. We affirm.

At the time of the search and statements, defendant lived with his parents in Winston. His mother owned a vacant house across the street from her residence. Defendant often spent the night there. On April 23, 1986, he broke into a neighboring house, stole several items of household goods and placed them in the vacant house. The next morning, after the owners of the home that had been burglarized reported the crime, Sgt. Justis came to the scene of the burglary and began an investigation. He went to the rear of the vacant house, without the permission of defendant's mother, and noticed that the rear door was open about a foot. He then looked through a window and saw several items that matched the description of the stolen property.

The next day, Officer Rainville questioned defendant about the burglary. Rainville read defendant the *Miranda* warnings and then told him that he would have to question his mother and brother if the incident was not resolved. Defendant then admitted committing the burglary.

The trial court concluded that defendant did not have "standing" to challenge the warrantless search and that the officer's testimony established that defendant's confession was made voluntarily. On appeal, defendant contends that he has standing, that the search was invalid and that his confession was coerced. The state now concedes that defendant is entitled to challenge the legality of the search. However, we do not reach the search question, because defendant does not contend that the search played any part in his confession.

■ Defendant contends only that his confession was the result of Rainville's coercion by threatening to question defendant's mother and brother. At the suppression hearing, defendant testified that Rainville threatened to arrest his mother and brother; Rainville testified that he told defendant that he would have to question defendant's relatives. Although the trial court made no findings of fact, it is clear from the judge's

comments that she believed the officer.[1] We presume, therefore, that the officer threatened to question defendant's relatives about the burglary, which he had a right to do. His "threat" did not constitute coercion and does not render defendant's subsequent statements involuntary. *See State v. Medenbach,* 48 Or App 133, 138, 616 P2d 543 (1980).

■ Defendant does not contend that his confession was a result of the search of the vacant house. Because defendant's statements were corroborated by the victim and are conclusive as to his guilt, any error committed by the trial court in admitting the evidence discovered in the search was harmless beyond a reasonable doubt. *Chapman v. California,* 386 US 18, 22, 87 S Ct 824, 17 L Ed 2d 705 (1967); *State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987).

Affirmed.

---

[1] The court concluded that it was "not going to suppress the statement based on the officer's testimony."