On petition for review filed August 31,* petition for review denied November 30, 1988

STATE OF OREGON,
*Respondent on Review,*

*v.*

RONALD DALE BATES,
*Petitioner on Review.*

(TC J86-1110; CA A42141; SC S35587)

764 P2d 550

Gary D. Babcock, Public Defender, and Lawrence J. Hall, Deputy Public Defender, Salem, for petitioner on review.

David B. Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Charlene C. Woods, Assistant Attorney General, Salem, *contra.*

Linde, J., dissented and filed an opinion.

* Appeal from judgment of Douglas County Circuit Court, Joan G. Seitz, Judge. 92 Or App 385, 758 P2d 421 (1988).

**LINDE, J.,** dissenting.

The issue that defendant, whose confession was used in convicting him of burglary, wants this court to review is whether a police officer compelled his confession by "threatening" to question and possibly implicate defendant's mother and brother. The Court of Appeals dealt with this claim by stating:

> "We presume, therefore, that the officer threatened to question defendant's relatives about the burglary, which he had a right to do. His 'threat' did not constitute coercion and does not render defendant's subsequent statements involuntary. *See State v. Medenbach,* 48 Or App 133, 138, 616 P2d 543 (1980)."

*State v. Bates,* 92 Or App 385, 388, 758 P2d 421 (1988). I would allow review to examine the proposition that the question of a "compelled" statement is affected by whether the further acts threatened by an officer are within his "right" (more properly, his authority). The proposition is at least doubtful.

In *State v. Medenbach, supra,* cited by the Court of Appeals, that court found that an officer's threat to arrest a driver who declined to take field sobriety tests was not coercive because the officer had probable cause for making such an arrest. "Therefore, the officer threatened 'only to do what the law permitted him to do.' *State v. Douglas,* 260 Or 60, 488 P2d 1366 (1971), *cert den* 406 US 974 (1972); *State v. Bopp,* 16 Or App 604, 519 P2d 1277 (1974)." *State v. Medenbach, supra,* 48 Or App at 138. *State v. Bopp,* in turn, also claimed to rest on *State v. Douglas, supra.* But *Douglas,* which concerned a consent to search, not a confession, given after an officer said that he would seek a search warrant, only quoted the statement of an intermediate California court that, in a similar case, there was no threat to do anything other than what the officers had a legal right to do. *State v. Douglas, supra,* 260 Or at 75.

This is weak authority for a dubious proposition. The issue in determining whether a confession was compelled or induced by a threat or a promise is not whether the threat or promise was made by someone who legally could make it and carry it out, at least not unless suppression rests on denying the state the fruits of official misconduct. The issue, rather, is whether the alleged threat or promise, lawful or not, had the effect of compelling or inducing the confession. The court

therefore should reexamine the proposition that has developed in the opinions of the Court of Appeals. I express no view of the merits of the present case, but I would allow the petition for review.