Argued June 27, affirmed August 12, reconsideration denied
September 18, petition for review denied October 1, 1974

# STATE OF OREGON, *Respondent, v.* RAMENDRA KUMAR BHATTACHARYA (No. 14-954), *Appellant.*

**525 P2d 203**

*William Bradley Duncan,* Hillsboro, argued the cause and filed the brief for appellant.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Defendant was convicted by a jury in the district court of driving while under the influence of intoxicating liquor (DUIL), ORS 483.992 (2), and of driving with more than .15 per cent alcohol in his blood, ORS 483.999 (1). He appealed to the circuit court. There he filed a motion to suppress evidence, which was denied. He was again convicted by a jury on both charges. He appeals, asserting on various constitutional grounds as sole error the denial of his motion to suppress.

Defendant was stopped about 2 a.m. while operating his motor vehicle in an erratic manner. At the scene, he was administered standard sobriety tests, which he was substantially unable to perform. He exhibited many of the usual signs of intoxication, including slurred speech, strong odor of alcohol on his breath, difficulty in extracting his billfold from his pocket and his license therefrom, and his need of support from the door of the car. He acknowledged at the time he was stopped that he had been drinking.

Following his arrest for DUIL, he was taken to the county courthouse where a breathalyzer test[①] was administered to him, which revealed a blood alcohol content of .21 per cent. The officer thereupon gave him the citation for operating a motor vehicle with a blood alcohol content in excess of .15 percent. Prior to that time, he was not advised of his rights.

The motion to suppress was based solely upon Fifth Amendment grounds. Counsel stated:

"* * * This motion is directed specifically against any field sobriety tests and the breathalyzer test which defendant was required to submit to without being advised of his right to remain silent and to refrain from doing any act which would tend to incriminate him, which information was obtained in violation of his rights under the Fifth Amendment * * *."

■■ In *Heer v. Dept. of Motor Vehicles,* 252 Or 455, 450 P2d 533 (1969), our Supreme Court held that the administration of a breathalyzer test under the Implied Consent Law was not a violation of the Fifth Amendment. The court there primarily relied on *Schmerber v. California,* 384 US 757, 86 S Ct 1826, 16 L Ed 2d 908 (1966), and *State v. Kenderski,* 99 NJ Super 224, 239 A2d 249 (1968). Under *Heer,* it is clear that neither the giving to the defendant of the sobriety tests at the scene, nor the breathalyzer test at the county jail contravened a protected activity within the Fifth Amendment guarantee of the privilege against self-incrimination. *See United States v. Dionisio,* 410 US 1, 93 S Ct 764, 35 L Ed 2d 67 (1973); *State v.*

---

[①] In his brief, defendant asserts that he "expressly and vigorously objected to the administration of the test and that it was administered over his protest." We are directed to nothing in the record which supports this assertion. Indeed, there was ample evidence to the contrary.

*Annen,* 12 Or App 203, 504 P2d 1400, Sup Ct *review denied* (1973). Furthermore, the officer here had ample probable cause, as defendant concedes, to arrest defendant at the scene. In *State v. Osburn,* 13 Or App 92, 508 P2d 837 (1973), we said:

> "Defendant points out that he was in custody when asked to consent to the breathalyzer test, but was never given the warnings that are required by *State v. Williams,* 248 Or 85, 432 P2d 679 (1967), in order to make his consent to search effective. The simple answer is that for the reasons stated above the arresting officer did not need defendant's consent to make the search in question. It is only when the police do not have probable cause to search or when no exigent circumstances justifying a warrantless search are present that consent becomes material. Once probable cause plus exigent circumstances are established—as they have been in this case—consent to search or lack thereof is irrelevant for constitutional purposes. Accordingly, the breathalyzer test results were admissible over constitutional objection." 13 Or App at 95.

Defendant acknowledges this but contends "this is an undue, over-restrictive interpretation of the Fifth Amendment" and asks us to adopt the "rationale" of "the dissenting opinions * * * [in] *Schmerber v. California,* supra." Manifestly, we have no such authority.

■ In his brief, defendant, if we understand him correctly, seeks here to raise a Sixth Amendment claim relating to a right to the presence of an attorney at the time the breathalyzer test was administered. This claim was not advanced in the motion to suppress nor otherwise properly presented to the trial court.

Recently this court, in *State v. Johnson/Imel,* 16 Or App 560, 569, 519 P2d 1053, Sup Ct *review denied* (1974), pointed out:

> "At least as much specificity should be required in a pretrial objection to the admissibility of evidence, i.e., a motion to suppress, as is required in an oral objection made during the course of a trial. In fact, even more specificity could reasonably be required because the pretrial objection can be researched and written under relatively calm circumstances, as distinguished from an extemporaneous objection made in the heat of trial. We merely point out, however, that broadly worded and vague objections are inappropriate in either context."

Accordingly, we decline to consider it.

Affirmed.