Submitted on record and appellant's brief August 10, 1981,
reversed and remanded for reconsideration January 25, 1982

## STATE OF OREGON,
*Appellant,*

*v.*

## DAVID SCOTT MATHEWS,
*Respondent.*

(No. 80-10076, CA A21012)

639 P2d 705

J. Pat Horton, District Attorney, and Frank R. Papagni, Jr., Assistant District Attorney, Eugene, filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The state appeals a trial court order suppressing tape-recorded statements made by defendant after he was arrested for driving under the influence of intoxicants.

The trial court found:

"That as Defendant was being placed under arrest, he demanded that a tape recorder being operated by the arresting officer be turned off. The officer did not directly respond to that request, and from the point of the demand on, Defendant was not aware that the conversation between himself and the officer was being recorded."

Solely on the the basis of that finding, the trial court ordered:

"All statements made by Defendant after the point at which he was placed under arrest, including any made prior to his being advised of his rights, be suppressed."

The motion to suppress was apparently allowed on the basis of ORS 41.910, which provides:

"Evidence of the contents of any wire or oral communication intercepted:

"(1) In violation of ORS 165.540 and without a court order issued pursuant to ORS 133.724, shall not be admissible in any court of this state, except as evidence of unlawful interception."

ORS 165.540 provides:

"(1) * * * no person shall:
"* * * * *

"(c) Obtain or attempt to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, if all participants in the conversation are not specifically informed that their conversation is being obtained."

The record shows that defendant was specifically informed at the beginning of his conversation with the arresting officer that his conversation was being recorded. Defendant contends that subsequent statements by the officer led him to believe that the tape recorder was turned off upon his request and never reactivated. Specifically, he argues that, when the officer responded to his request to turn the recorder off by saying, "Hold on a second, I'm

going to read you your rights, all right?," he thought this meant that the recorder would be turned off after his rights were read.

ORS 165.540(1)(c) requires only that defendant be "specifically informed that [his] conversation [was] being obtained." That requirement was fulfilled here. The statute does not require that a defendant consent to such recording or that he be at all times subjectively aware his conversation is being recorded.

The finding of the trial court is ambiguous. If the trial court concluded that the law required the officer to turn off the tape recorder upon the demand of defendant, and that, his having failed to do so, any subsequent recording was inadmissible, the court was in error. An officer is not required to turn off his recorder upon demand. The person's recourse, if his demand is not honored, is to terminate the conversation. While there may be some consequences resulting from that course of action, those consequences must be judged on their own merits and have no relevancy here.

On the other hand, the finding of the trial court could be construed to mean that the court concluded the officer *misled* defendant into thinking the tape recorder was turned off after the officer advised defendant of his *Miranda* rights. If that was the court's finding, then the court should enter a new suppression order.

Because we are uncertain of the precise scope of the trial court's finding, we reverse and remand for reconsideration of defendant's motion to suppress.