On respondent's petition for rehearing filed May 24, petition for rehearing allowed; former decision (293 Or 59, 644 P2d 1104)* withdrawn; Court of Appeals affirmed; case remanded to District Court for trial June 22, 1982

STATE OF OREGON,
*Respondent on Rehearing/Petitioner on Review,*
*v.*
GARY PATRICK ROBERTI,
*Petitioner on Rehearing/Respondent on Review.*
(TC T79-12-0348, CA 18838, SC 27840)
646 P2d 1341

J. Michael Alexander and Brown, Burt, Swanson, Lathen & Alexander, Salem, for the petitioner.

No appearance contra.

LENT, J.

Denecke, C. J., and Tanzer and Campbell, JJ., dissent.

---

* Appeal from District Court, Clackamas County, Joseph Thalhofer, Judge Pro Tempore. 51 Or App 783, 627 P2d 28 (1981).

## LENT, J.

Upon defendant's petition for rehearing, Justice Roberts withdraws her former concurring opinion and joins in Justice Lent's former dissenting opinion, which had been joined by Justice Peterson. Justice Linde also joins in the former dissenting opinion of Justice Lent for the reasons stated in Justice Linde's former dissenting opinion. The result is that a majority of the court now holds that the trial court erred in overruling the objection to receipt of the evidence as described in the former majority opinion, *State v. Roberti,* 293 Or 59, 62-63, 644 P2d 1104, 1106-07 (1982).

It remains to consider whether the error, beyond a reasonable doubt, was harmless. *Chapman v. California,* 386 US 18, 87 S Ct 824, 17 LEd 2d 705 (1967); Or Const Art VII (Amend), § 3; *State v. Naylor,* 291 Or 191, 196, 629 P2d 1308, 1310 (1981). In announcing his decision as factfinder, the trial judge stated:

> "Well, I listened to this carefully and I have to disregard the evidence put in by the state on the breath test. But all in all, I'm convinced beyond a reasonable doubt that defendant was under the influence of intoxicants at the time based on the weaving which the officer testified to, the count backwards which he said he had all fouled up, the balance he said wasn't very good, and the defendant himself—when asked to rate himself between zero and ten whether sober to real drunk—said a 'low 5.' That indicates to me that he thought himself that he was somewhat affected. So the finding will be guilty of the charge."

We find, as did the Court of Appeals, that the trial court error was not harmless.

It follows that the decision of the Court of Appeals must be affirmed and the case remanded to the District Court for trial.

Chief Justice Denecke and Justices Tanzer and Campbell dissent for the reasons stated in Justice Tanzer's former majority opinion.