Argued and submitted October·2, 1981, reversed and remanded
for a new trial August 25, reconsideration denied October 27, 1982,
petition for review denied July 19, 1983 (295 Or 446)

STATE OF OREGON,
*Respondent,*

*v.*

RAY FREDRICK ROBERT WELLS,
*Appellant.*

(No. 81-2562-K, CA A21019)

650 P2d 117

Dennis D. James, Grants Pass, argued the cause and filed the brief for appellant.

Virginia Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge,* and Young, Judge.

GILLETTE, P. J.

---

* Joseph, C. J., *vice* Roberts, J.

## GILLETTE, P. J.

Defendant appeals his conviction for driving under the influence of intoxicants. He assigns error to the trial court's denial of his motion to suppress certain statements made to the investigating officer before being formally arrested and to the court's refusal to suppress the officer's description of defendant's performance of certain field sobriety tests, which performance defendant labels "verbal acts." We reverse and remand for a new trial.

On February 15, 1981, at approximately 4:55 a.m., a police officer passed by defendant's car at an intersection and noticed that it was not in a position to cause the automatic traffic signal to be triggered. The officer returned five minutes later and observed that the car was still located in the same position.

The officer approached the car in his own vehicle and noted that defendant was staring straight ahead. He attempted several times to get defendant's attention. Finally, he got out of his own car and approached defendant's car. He smelled the odor of alcohol on defendant's breath; defendant was then asked to get out of his automobile and walk to its front. The officer noted that defendant appeared to be in a stupor. He investigated defendant's condition for approximately ten minutes before returning to his own car. During that ten minutes, he learned from defendant that defendant had violated his probation by drinking.

The investigation that then followed was tape recorded. The officer had formed an opinion before the tape recorder was turned on that defendant was probably under the influence of an intoxicant. He testified that, although he was not absolutely certain defendant was under the influence of an intoxicant, defendant was not free to leave the scene. Defendant was questioned on tape on many of the topics they had already discussed and was asked to perform several field sobriety tests. Defendant talked about his use of alcohol and the charge of driving under the influence until the officer formally placed him under arrest and read him his rights.

Defendant was taken to jail, where he initially refused to take an intoxilyzer test when asked to do so by

police. However, after defendant's probation officer came to the jail and spoke to him, defendant agreed to take the intoxilyzer test. The machine indicated a reading of .16.

The district court denied defendant's motion to suppress the oral admissions and "verbal acts" of defendant after the arresting officer had determined that defendant was under the influence of an intoxicant and was not free to leave the scene.

■ The trial court's refusal to suppress defendant's oral statements and admissions was error. *State v. Roberti,* 293 Or 59, 644 P2d 1104, 293 Or 236, 646 P2d 1341 (1982). The rationale of *Roberti* is not as clear as it might be, inasmuch as the final decision of the Supreme Court consists of a one-page announcement to the effect that one judge had withdrawn a former concurring opinion and that a former dissenting opinion which had originally expressed the opinion of two judges now had the support of four judges.[1] However, we understand the final version of that case to stand for the "bright line" proposition that, once an officer has decided to arrest a person, it is necessary to warn the person of his right to remain silent. 293 Or 88-89. There was equivocal testimony in this case concerning the point at which the officer made that decision. However, the other historical facts, including that defendant appeared to the officer to have been in a kind of "stupor," permit no other conclusion than that defendant was not free to leave the scene and was, in fact, under arrest from the time the officer saw him walk to the front of his car. Statements made thereafter should, under *Roberti,* have been suppressed.

The state argues that the admission of defendant's statements, if error, was harmless. We disagree. The officer's physical description of the defendant, while damning, was not, even when coupled with the intoxilyzer result, so overwhelming that we can say beyond a reasonable doubt that defendant's statements could not have affected the result. *See Chapman v. California,* 386 US 17, 87 S Ct 824, 18 L Ed 2d 705 (1967).

---

[1] We note—not by way of complaint but merely by way of observation—that it would perhaps have been of slightly greater benefit to bench (at least this bench) and bar had the Supreme Court seen fit to enunciate its final answer in *Roberti* as a fully written majority opinion.

■ We turn next to the question of the suppression of the description of defendant's performance of the physical tests at the scene. Defendant incorrectly labels his performance "verbal acts." A "verbal act" is a physical act substituted for a statement, such as a nod or shake of the head in response to a question. *See State v. Campbell,* 43 Or App 979, 607 P2d 745 (1979) (going to suitcase to get marijuana in response to officer's question about where the marijuana was located was a verbal act entitled to constitutional protection). Performance of field sobriety tests, on the other hand, is an exhibition of physical condition, not an act of communication. It is not subject to constitutional protection. *State v. Medenbach,* 48 Or App 133, 616 P2d 543 (1980); *State v. Bhattacharya,* 18 Or App 327, 525 P2d 203 (1974). The trial court did not err in refusing to suppress the officer's description of defendant's performance of the field sobriety tests.

Reversed and remanded for a new trial.