# STATE OF OREGON,
*Respondent,*

*v.*

# ALLEN G. WHITE,
*Appellant.*

### (No. 81-9-102, CA A23660)

650 P2d 184

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his convictions for burglary and theft, both in the second degree. He assigns error, *inter alia,* to the trial court's refusal to suppress evidence seized during a warrantless search of his automobile. We reverse and remand.

From the rather sparse, 20-page record made at the hearing on defendant's motion to suppress evidence, it appears that three police officers went to the location where defendant and his family were camped at about 4 a.m. on August 29, 1981, to inquire into defendant's reported commission of the burglary and theft that became the charges in this case. The police were also searching for another person, an attempted murder suspect. Although the testimony on the point is conflicting, the trial court found that defendant was questioned about the burglary *before* he was placed under arrest and advised of his *Miranda* rights and admitted taking eggs and milk from the victim. Thereafter, defendant consented to the search of his car, where the fruits of the burglary were found.

The trial court suppressed defendant's pre-arrest admissions, apparently on the ground that defendant should have been advised of his *Miranda* rights immediately, inasmuch as he was a "focal suspect" in the burglary. However, the court refused to suppress the physical evidence seized from defendant's automobile, on the ground that defendant consented to the search. The trial judge stated his conclusions this way:

"THE COURT: The Court believes there are two separate issues involved in this case.

"First is the matter of the statement which Mr. White made to the officers.

"The second is the items which were seized from the car.

"According to the testimony of Officer Duke Mr. White was one of the two persons who [were] the focus of his attention. * * *.

"And also investigating the alleged burglary which occurred at the Sunny Day Farms. He had information that Mr. White was involved in the burglary, and the fact

that he was the focus of his attention when he went out there, so far as that crime was, that alleged crime was concerned.

"His statement was that he [had] not thoroughly made up his mind to arrest [defendant] indicates that he was certainly a strong suspect, and the center of his attention with respect to that particular burglary.

"His testimony that he arrived at four o'clock and it was 10 minutes later after contact had been made with Mr. White and he had been questioned before he was given his Miranda warning.

"It appears to the Court that he was asked about the theft of the eggs and the burglary before he was given his Constitutional Rights.

"And, therefore, in view of the fact that he was the center of the attention, he was a strong suspect, and he had somewhat of an intention to arrest him when he went out there, the Miranda warning should have been given before he discussed the allegations of theft whether or not for 10 minutes.

"Therefore, the Court is going to allow the Motion to Strike with respect to any incriminating statements made.

"The second question is the matter of search. The evidence was uncontradicted that Mr. White did give his personal consent to search the car.

"Therefore, those items, as a result seized, will not be suppressed.

"But the incriminating statements he made prior to his Rights will be suppressed.

"* * * * *."

On appeal, defendant contends that his consent to the search of his automobile was necessarily "tainted" by his admission of guilt moments before, prior to advice of his rights, and that, if his admission of guilt was correctly suppressed, the physical evidence obtained with his consent inevitably must be suppressed also.

The state, for its part, appears to agree with defendant's legal theory but proposes a roadblock based upon its perception that the trial judge's initial ruling with regard to defendant's statements was incorrect:

"This contention might have some merit to it, if we agreed that the trial court was legally required to suppress the statements defendant made immediately prior to his arrest, simply because defendant 'was a strong suspect and [the police] had somewhat of an intention to arrest him when [they] went out [to his campsite].' But nothing in the record of this case suggests that defendant was formally under arrest, or in such an inherently coercive situation short of formal arrest that *Miranda* warnings were required, prior to the time defendant was told he was under arrest and advised of his rights."

The state's theory is premised on *State v. Roberti*, 293 Or 59, 644 P2d 1104 (1982), where it was held that a police officer's present but unarticulated intent to arrest a briefly detained suspect did not require the giving of *Miranda* warnings. 293 Or at 64-74. However, the Supreme Court has reconsidered its holding in *Roberti* and is now of the opposite opinion. *State v. Roberti,* 293 Or 236, 646 P2d 1341 (1982). *See State v. Wells,* 58 Or App 617, 650 P2d 117 (1982). We think the facts here, much as those in *State v. Wells, supra,* "permit no other conclusion" but that defendant was, in fact, under arrest. The trial court correctly suppressed defendant's statements.

Our resolution of the question of defendant's statements also settles the issue of the voluntariness of his consent to the search. The two events—the statements and the consent—were so closely linked in time and place that there does not appear to be any rational legal basis upon which to separate them, and the state makes no attempt to do so. The fruits of the search should have been suppressed. *See State v. Burdick,* 57 Or App 601,.609-10, 646 P2d 91 (1982).

Reversed and remanded for a new trial.[1]

---

[1] Two other assignments of error do not require discussion. Defendant's final assignment of error, concerning the trial court's failure to allow trial counsel physically to copy the presentence report or remove it from the courthouse, is mooted. However, for future reference we specifically direct the trial court's attention to ORS 137.079(1); *State v. Carsner,* 289 Or 645, 649, 616 P2d 491 (1980); and *State v. Green,* 49 Or App 949, 952, 621 P2d 67 (1980).