On appellant's supplemental reconsideration filed July 13,
reconsideration allowed; former opinion filed May 26
(57 Or App 553, 645 P2d 547) withdrawn; reversed and remanded
for a new trial September 15, reconsideration denied October 27, 1982,
petition for review denied July 19, 1983 (295 Or 446)

STATE OF OREGON,
*Respondent,*
*v.*
JAMES HOWARD TAYLOR,
*Appellant.*

(No. M79-1040, CA 19398)

650 P2d 1090

Thomas C. Bernier, Roseburg, for petition.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Virginia L. Linder, Assistant Attorney General, Salem, contra.

Before Gillette, Presiding Judge, and Joseph, Chief Judge,* and Young, Judge.

YOUNG, J.

---

* Joseph, C. J., *vice* Roberts, J.

## YOUNG, J.

Defendant filed a petition and supplemental petition for reconsideration of our former opinion, *State v. Taylor,* 57 Or App 553, 645 P2d 547 (1982), which affirmed the judgment of conviction for driving while under the influence of intoxicants. We have granted the supplemental petition[1] in which defendant contends that, on the basis of *State v. Roberti,* 293 Or 59, 644 P2d 1104, 293 Or 236, 646 P2d 1341 (1982), his motion to suppress should have been granted. The motion was to suppress

> "any evidence concerning the existence of or the contents of any audio tape taken at the scene of the stop of defendant, the audio tape itself and any evidence as to the questions asked of defendant and any answers given during or prior to the audio tape."

Our former opinion is withdrawn, and we reverse.

We held that the motion to suppress was properly denied on the basis of the first opinion in *State v. Roberti,* 293 Or 59, *supra,* in that "[d]efendant's admissions before he was arrested were made in an investigatory and not a custodial setting." 57 Or App at 559. After our opinion, the Supreme Court reconsidered its holding in *Roberti* and reversed. 293 Or 236, 646 P2d 1341 (1982). *(Roberti II)* Under *Roberti II,* we have held that "once an officer has decided to arrest a person, it is necessary to warn the person of his right to remain silent." *See State v. Wells,* 58 Or App 617, 650 P2d 117 (1982).

The state filed a response to the supplemental petition in which it contends that, even under *Roberti II,* the motion to suppress was properly denied.

At a pretrial hearing on May 20, 1980, on defendant's motion to suppress, the arresting officer testified that, when he stopped and first encountered defendant, he was not under arrest. However, had defendant chosen to drive away, the officer would have stopped him again for attempting to elude a police officer. The officer testified that his initial observations of defendant's physical

---

[1] We adhere to our former holding that the motion for speedy trial was properly denied.

appearance indicated to him that he was "possibly" under the influence. The officer testified that he observed an odor of alcohol, a flushed face, bloodshot eyes, contracted pupils, a "swaying" balance and slurred speech. The officer testified that, after he made these observations, defendant was not free to leave the scene of the stop. Following the officer's subjective determination that defendant was not free to leave, defendant performed a series of "field sobriety tests," following which defendant was arrested. Soon after the arrest, defendant was read his *Miranda* rights.[2] At the moment the officer decided the defendant was not free to leave the scene of the stop, he was significantly deprived of his freedom of action and was "in custody." *State v. Roberti, supra,* 293 Or at 88-89.

Our review of the officer's testimony satisfies us that his observation of defendant's physical appearance and condition were moments after the stop and before beginning the audio recording of defendant's statements.[3] Accordingly, statements by defendant after he was in custody, and before the advice of his *Miranda* rights, were not admissible. Defendant's motion to suppress should have been granted. *State v. Roberti, supra.*

■ The state argues that the admission of defendant's statements, if error, was harmless. We do not agree. The officer's description of defendant's driving, his physical appearance, his lack of coordination and the breathalyzer result was powerful evidence of guilt. On the other hand, the tape recording included defendant's admission that he had attended a party and consumed beer. That admission could rise, in the mind of the jury, to the level of a confession. We cannot say, beyond a reasonable doubt, that defendant's statements could not have affected the result. *See Chapman v. California,* 386 US 18, 87 S Ct 824, 17 L Ed 2d 705 (1967); *State v. Naylor,* 291 Or 191, 629 P2d 1308 (1981).

Reversed and remanded for a new trial.

---

[2] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

[3] This determination has not been free from difficulty. In addition to the poor quality of the recordings, earlier portions of the field investigation recording were apparently inadvertently erased at some point prior to trial.