Argued and submitted May 11, reversed and remanded October 12, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# JEFFREY REED CADMUS,
*Appellant.*

(1970; A25732)

670 P2d 205

Caryanne C. VanCoevering, Portland, argued the cause and filed the brief for appellant.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

NEWMAN, J., concurring in part and dissenting in part.

## VAN HOOMISSEN, J.

Defendant was charged with driving under the influence of intoxicants. ORS 487.540. He appeals from a trial court order denying his motion to suppress evidence of statements he made to a police officer. The state concedes that this case is factually similar to *State v. Taylor,* 59 Or App 396, 650 P2d 1090 (1982), which we find controlling. We conclude that it was reversible error to deny defendant's motion to suppress his statements to the police officer.

■　Defendant also assigns as error the trial court's denial of his motion to suppress evidence of his refusal to submit to a breath test. He contends that, before he refused the test, his request to make a telephone call was denied. He argues that "introduction of such evidence violates [his] constitutional right against self-incrimination and is an unnecessary restriction upon his personal liberty." The record does not reveal whom defendant wished to call. At no time did he specifically ask to call a lawyer.

In *State v. Newton,* 291 Or 788, 809, 636 P2d 393 (1981), the Supreme Court held that exclusion of evidence of defendant's breathalyzer test was not required when the record did not establish a causal relationship between his unfulfilled request to call a lawyer and the obtaining of the breath sample. Similarly, the record here reveals no relationship between defendant's request to make a telephone call and his refusal to take the breath test. We find no merit in defendant's due process claim.

■　As to defendant's self-incrimination claim, in *South Dakota v. Neville,* 459 US 553, 103 S Ct 916, 74 L Ed 2d 748 (1983), the United States Supreme Court held that the admission in evidence of the defendant's refusal to submit to a blood-alcohol test did not violate the Fifth Amendment privilege against self-incrimination because the refusal to take the test, after lawfully requested, was not a coerced act. *Accord, State v. Gardner,* 52 Or App 663, 668-89, 629 P2d 412, *rev den* 291 Or 419 (1981). We conclude that the trial court properly denied defendant's motion to suppress evidence of his refusal to take the breath test.

Reversed and remanded.

**NEWMAN, J.,** concurring in part and dissenting in part.

I concur that the trial court committed reversible error when it denied defendant's motion to suppress statements to the police. I believe, however, contrary to the majority, that the court also erred in denying defendant's motion to suppress evidence of his refusal to take a breath test.

The majority relies on *State v. Newton,* 291 Or 788, 636 P2d 393 (1981). There the court held that the results of a breath test were admissible, even though the defendant was denied the right to call his lawyer before he took the test. The court first held that the denial of the telephone call denied the defendant "liberty" under the Fourteenth Amendment. The state failed to show that the time required to make the telephone call would have reduced the efficacy of the breathalyzer test or that the practical necessities of custody existed which might have justified deferral of the defendant's call. The court then ruled, however, that the evidence obtained from the breathalyzer test was not to be excluded, because the record was

"\* \* \* insufficient to establish the fact of a causal (rather than merely sequential) relationship between the request to call a lawyer and the obtaining of the breath sample. \* \* \* The evidence shows no indication that if defendant had been given the telephone and a few minutes to use it, he would have secured legal advice and, if so, whether the advice would be to take the test or not. \* \* \* This record, at best, would allow us to do no more than speculate as to whether an opportunity to call a lawyer would have caused an evidentiary result." 291 Or at 809.

Here, the state denied defendant's several requests to make a telephone call. The record does not show whether the defendant wished to call a lawyer, a friend, a relative or someone else, but for purposes of determining whether defendant was deprived of "liberty" under the Fourteenth Amendment it does not matter whom he wished to call, but only that his requests to call were denied. *See Moore v. Motor Vehicles Division,* 293 Or 715, 719, 723, 652 P2d 794 (1982).

*Newton* does not control this case. In *Newton,* the evidence admitted was the result of the breathalyzer test. The

court found no evidence of a causal relationship between the defendant's inability to call and his decision to take the test. Here, defendant refused to take the test after at least one futile request to make a telephone call. The evidence of causal relationship, assertedly lacking in *Newton,* is present here. The causal relationship is apparent between denial of the right to call and the refusal to take the test, even if the causal relationship may be speculative between denial of the right to make a call and the decision, in the absence of advice, to cooperate and take the test. Indeed, what else could defendant here show to establish causality other than that he requested the right to call, that it was denied and that promptly thereafter he refused to take the test?

In *Moore v. Motor Vehicles Division, supra,* the court considered five consolidated cases in which the Division suspended the drivers' licenses for "refusal" to submit to a breath test. The court stated:

> "If an arrested person asks to speak to counsel, an unjustified failure to afford reasonable opportunity to do so would be a deprival of the person's liberty, *see Newton.* In that situation, the person's non-submission (*i.e.,* refusal) would have resulted from a legally unauthorized procedure. An administratively imposed penalty based on that procedure would be invalid." 293 Or at 723.

In one of those cases, *Bunten v. MVD,* the court noted:

> "Bunten was arrested for driving under the influence of intoxicants and taken to the Washington County Jail. On arrival, he was asked to take a breath test; he asked if he could call his attorney before submitting to the test; he was told he could not. Petitioner then refused to take the test without advice from counsel.

> "Bunten actually refused. The refusal, however, was the direct result of a procedural error, the unjustified deprival of Bunten's liberty to call his attorney. The order as to *Bunten* must be vacated." 293 Or at 725.

Although these cases concern an administratively-imposed penalty and not a criminal proceeding, the court clearly recognized the causal relationship between denial of Bunten's right to call and his refusal to take the test. *See also*

*Chase v. Motor Vehicles Division,* 63 Or App 15, 663 P2d 412 (1983).

The court here should have allowed the motion to suppress.[1]

---

[1] Defendant's motion to suppress does not raise a self-incrimination issue under the Oregon Constitution, and that is not before us.