Argued and submitted November 16, 1983, reversed and remanded April 18, reconsideration denied June 29, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# ENVER BOZGOZ,
*Appellant.*

(82-680M; CA A28385)

679 P2d 1377

Sam A. McKeen, Klamath Falls, argued the cause for appellant. With him on the brief was Robert G. Klahn, Klamath Falls.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 487.540. He assigns error to the trial court's denial of his motion to suppress statements he made to the investigating officer. The trial court denied the motion on the ground that the statements were not incriminating. We reverse and remand for a new trial.

■ The threshold question is whether the character of statements, *i.e.,* exculpatory or inculpatory, is relevant to a motion to suppress based on a *Miranda* violation. It is not. *Miranda* makes it clear that

"* * * the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona,* 384 US 436, 444, 86 S Ct 1602, 16 L Ed 2d 694 (1966).

Therefore, the trial court erred in denying defendant's motion solely on the ground that the statements were not incriminating.

We next consider whether defendant's statements were obtained in violation of his *Miranda* rights. Defendant was stopped by Trooper Hales, who had observed him driving very erratically and at an excessive speed. Defendant's car window was partly down when Hales approached, and he detected a strong odor of alcohol coming from inside the car. He observed that defendant's eyes were "watery and bloodshot" and that, although defendant had his wallet in his hand, papers and cards were in his lap. When Hales requested defendant's driver's license, defendant searched his wallet. Not finding the license there, he looked down to his lap, where he found it.

■ Hales activated a tape recorder and advised defendant that their conversation was being recorded. Defendant objected to the recording and refused to answer any questions.[1] Hales told defendant:

---

[1] Hales was not required to turn off the recorder. *State v. Mathews,* 55 Or App 708, 639 P2d 705 (1982). The tape recording was received in evidence.

"* * * [T]here is a strong odor of an alcoholic beverage coming from near your person and with your driving the way it is, you're going over 50 MPH in a 35, you weaved across the solid yellow line there near Patterson into the left turn only lane. You jerked wildly, and I mean wildly, back into the inside lane of the eastbound lanes here on Highway 140 near Big R and then you crossed over the center line, and then you weaved back into the inside lane again."

Defendant responded by asking, "May I have my driver's license back?" Hales replied, "No, sir, I'm not through with it yet. Have you had anything to drink tonight, Mr. Bozgoz?" Defendant answered, "No, sir." Hales asked defendant if he would get out of his car. Defendant answered, "No, sir." When Hales asked defendant why he would not get out of his car, defendant asked if he was under arrest. Hales replied, "No, sir, not at this time you are not." Defendant again refused to leave his car. He also refused Hales' request that he perform field sobriety tests or coordination tests while seated in his car. After several more minutes of conversation, defendant was arrested and advised of his *Miranda* rights.

Before trial, defendant moved to suppress "any and all statements made by [him] * * *, which statements had been recorded by [the] Oregon State Police Officer * * *." He relied on *State v. Roberti*, 293 Or 236, 646 P2d 1341, *cert pending* (1982). The motion was denied. In this court, the state argues only that defendant was not in custody for *Miranda* purposes before his arrest. We disagree.

■ ■ Considering the totality of the circumstances, we conclude that defendant was in custody for *Miranda* purposes when Hales refused to return his driver's license. *See State v. Taylor*, 59 Or App 396, 650 P2d 1090 (1982), *rev den* 295 Or 446 (1983); *State v. Wells*, 58 Or App 617, 650 P2d 117, *rev den* 295 Or 446 (1983); *but see State v. McConnville*, 67 Or App 601, 679 P2d 1373 (1984).[2] Although Hales testified that he only

[2] This case is distinguishable from *State v. McConnville, supra.* Consistent with the trial court's findings there that defendant was not "apparently and clearly under the influence of intoxicants from the first contact" and that the officer did not "come to his subjective conclusion until after all of the field sobriety tests were made," we held that evidence of defendant's performance on the sobriety tests should *not* be suppressed but that evidence of his statements after the tests were completed should be suppressed. Here, regrettably, the trial court made no pertinent findings. We find that the evidence permits no reasonable conclusion but that, at least from the time he refused to return defendant's driver's license, Hales would not have permitted defendant to leave.

decided to arrest defendant several minutes later, the evidence here permits no reasonable conclusion but that, at least from the time he refused to return defendant's driver's license, Hales would not have permitted defendant to leave.[3] At that time, defendant was "deprived of his freedom of action in [a] significant way," *Miranda v. Arizona, supra,* 384 US at 444, and statements that he made thereafter should have been suppressed. The trial court's refusal to suppress the pre-*Miranda* statements was error. Because we cannot say beyond a reasonable doubt that the error could not have affected the result, *Chapman v. California,* 386 US 18, 87 S Ct 824, 17 L Ed 2d 705 (1967); *State v. Naylor,* 291 Or 191, 629 P2d 1308 (1981), a new trial is required.[4]

Reversed and remanded for a new trial.

---

[3] On cross-examination, Hales testified:

"[Defense Counsel]: Now the very first thing you said is ..., well, let me ask you this first before I read this [transcript of the recording], at that point was Mr. Bozgoz, could he have just turned on his key and left?

"[Witness]: No, I don't think so. I think I would have asked him to stay.

"[Defense Counsel]: OK, well back down here he says, may I have my driver's license back. You said, No sir I'm not through with it yet, didn't you.

"[Witness]: Yes.

"[Defense Counsel]: So you're saying that Mr. Bozgoz wasn't deprived of his freedom when you stopped him there.

"[Witness]: I didn't say that, I don't believe, I believe I said if he wanted to drive away I don't believe I would have let him.

"[Defense Counsel]: So you had deprived him, at that point of his freedom of action, and would not have let him drive away.

"[Witness]: I believe so, yes."

[4] Because the case is being remanded for a new trial, we note that we find no merit in defendant's contention that the trial court erred in refusing to give four of his requested jury instructions. *See State v. Romel,* 57 Or App 372, 377, 644 P2d 643 (1982). To the extent that the issue was raised below, we also find no merit in defendant's contention that evidence of his refusal to take a breath test should have been suppressed. *See* ORS 487.805(4); *State v. Dorsey,* 58 Or App 521, 648 P2d 1304, *rev den* 294 Or 295 (1982).