Argued and submitted May 14, affirmed October 31, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## JESSE EARL HERVEY,
*Appellant.*

(M302770; CA A30327)

689 P2d 1322

Zack M. Lorts, Oregon City, argued the cause and filed the brief for appellant.

Martha L. Rice, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, J.r, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for driving while under the influence of intoxicants. ORS 487.540. He contends that the trial court erred in denying his motion to suppress evidence of statements he made to the arresting officer, in refusing to allow the testimony of a defense witness and in refusing to admit a defense exhibit. We affirm.

We take the facts from the pretrial hearing on defendant's motion to suppress. Officer Luher testified that he stopped defendant's car after observing it weave back and forth over the center line. He smelled a strong odor of alcohol on defendant's breath. He also observed a bottle of wine between defendant and his passenger. After requesting that defendant produce his driver's license, Luher asked him how much he had had to drink. Defendant responded, "one beer," then, "I haven't had that much," then "two or three beers" and then that "I was partying yesterday and had quite a bit to drink" but that "I haven't had that much today." Luher also testified that he had not made up his mind to arrest defendant before questioning him, but that he was going to detain defendant until he had determined "whether [defendant] was fit to drive." Luher decided to arrest defendant after he had performed field sobriety tests. The trial judge ruled that *Miranda* warnings were not required and that defendant's statements were admissible. Defendant contends that that was error. We disagree.

Defendant relies principally on *State v. Roberti*, 293 Or 236, 646 P2d 1341 (1982), *vacated and remanded sub nom* Oregon v. Roberti, 468 US ___ (1984). He argues that he was significantly deprived of his freedom of action, because Luher had subjectively determined that defendant was not free to leave; therefore, he was "in custody" under *Roberti* and should have been given *Miranda* warnings before being questioned about his drinking.

*Roberti* was decided solely on federal constitutional grounds.[1] Its holding was vacated by the United States Supreme Court, citing *Berkemer v. McCarty*, 468 US ___, 104 S Ct 3138, 82 L Ed 2d 317 (1984). In *Berkemer*, the Supreme

---

[1] Defendant did not challenge admissibility on state constitutional grounds in this court.

Court held that persons temporarily detained pursuant to traffic stops are not necessarily "in custody" for the purposes of *Miranda*. 468 US at ___.

> "It is settled that the safeguards prescribed by Miranda become applicable as soon as a suspect's freedom of action is curtailed to a 'degree associated with formal arrest.' California v. Beheler, 463 US ___, ___, 103 S Ct 3517, 77 L Ed 2d 1275, (1983) (per curiam). If a motorist who has been detained pursuant to a traffic stop thereafter is subjected to treatment that renders him 'in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by Miranda. See Oregon v. Mathiason, 429 US 492, 495, 50 L Ed 2d 714, 97 S Ct 711 (1977) (per curiam)." 468 US at ___.

██ ██ Under *Berkemer, Miranda* warnings are required after a traffic stop only if a defendant can "demonstrate that, at any time between the initial stop and the arrest, he was subjected to restraints comparable to those associated with a formal arrest." 468 US at ___. Applying that test, we conclude that defendant was not "in custody" for *Miranda* purposes when he was questioned by Officer Luher. He was not subjected to restraints comparable to those associated with a formal arrest. Therefore, *Miranda* warnings were not required.[2] *See State v. Gainer,* 70 Or App 199, 689 P2d 323 (1984); *State v. Hackworth,* 69 Or App 358, 685 P2d 480 (1984); *State v. McConnville,* 67 Or App 601, 679 P2d 1373 (1984).

██ Defendant's second assignment also lacks merit. When he failed to comply with the discovery statutes, the trial court refused to allow the testimony of a defense witness. We review for an abuse of discretion. *See* ORS 135.865; *State v. Kull,* 298 Or 38, 45, 688 P2d 1327 (1984); *State v. Mai,* 294 Or 269, 656 P2d 315 (1982); *State v. Harshman,* 61 Or App 711, 658 P2d 1173 (1983). On this record, we find no error. Further, the evidence was independently objectionable as improper impeachment testimony. *See State v. Wolfe,* 273 Or 518, 526, 542 P2d 482 (1975). As to the court's refusal to admit a defense exhibit, we conclude that the court did not abuse its discretion.

---

[2] After this case was briefed and argued, but before the United States Supreme Court decided *Berkemer,* the Oregon Supreme Court decided *State v. White,* 297 Or 302, 685 P2d 983 (1984). Because *White* did not involve a traffic stop, and was *pre-Berkemer,* we have not divined its application, if any, here.

Affirmed.