Argued and submitted February 14, affirmed April 25, reconsideration denied June 20, petition for review denied July 31, 1990 (310 Or 205)

# STATE OF OREGON,
### *Respondent,*

*v.*

# SCOTT CHRISTIAN GRAY,
### *Appellant.*

### (88C-22302; CA A60212)

790 P2d 1203

Kevin T. Lafky, Salem, argued the cause and filed the brief for appellant.

Keith W. Wingfield, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

## EDMONDS, J.

Defendant appeals his convictions for burglary and arson in the first degree. ORS 164.225; ORS 164.325. He argues that the trial court erred in finding that there was not a pretrial discovery violation and refusing to exclude evidence or postpone defendant's trial. We affirm.

Defendant's trial on the charges of burglary and arson was set for January 19, 1989. On December 13, 1988, police showed a witness photographs that included defendant's photograph. On December 15, police prepared a report regarding her identification of defendant and submitted it to the Marion County District Attorney's office. It received the report one day after the deputy district attorney handling the case had left on vacation. The deputy did not return until January 9, 1989. He met with defense counsel and the trial judge for a pretrial conference on January 12. No mention was made of the identification or the witness. On January 17, the district attorney became aware of the report and immediately notified defense counsel.

On the morning of trial, defendant moved for exclusion of the evidence or, alternatively, for postponement of trial as a sanction for a discovery violation. The trial court ruled:

> "*I am going to deny the motion to exclude.* One, there was no intent here, we're talking about quite short time lines, the police did it on the 13th, it was received by the DA's office on the 22nd. Again, that is a reasonable time line to get the police report over. Mr. Jensen was gone and then only in trial between the 22nd and the 9th, so he would have no knowledge that the case was assigned to him. Certainly nobody else would have looked at the file, then it becomes a question of what was his duty and obligation. He says, and I certainly don't doubt it, that on January 17 he found it and he immediately called you and contacted you.

> "I think that at that junction, the burden shifts to the defense counsel to do one of two things, either to come in and ask the court for a continuance at that juncture, or two, to ask the court for additional help in regard to the investigator to go out and check this out and to look into it. I don't think the day of trial, which now happens to be January 20, is the appropriate day to do that when everybody is here and everybody is ready. I think that obligation should have been done on the 17th or, at a minimum, the 18th and it wasn't done and,

therefore, *I am going to deny your motion.*" (Emphasis supplied.)

■ ■ After denying defendant's motion, the trial court ordered that additional funds would be made available to defense counsel for investigation and, in a conversation with the prosecutor, arranged that the state's witness would not be called until the next day in order to allow further investigation by defendant. Defendant made no further motion for a postponement of the trial. We interpret the judge's ruling to be that he found a discovery violation but declined to impose the sanction of excluding the evidence. We review the ruling for an abuse of discretion. *State v. Hervey,* 70 Or App 547, 550, 689 P2d 1322 (1984).

A trial court must always consider the presence or absence of prejudice in deciding what sanction to impose under ORS 135.865 but is not precluded from imposing a sanction by the absence of prejudice. *State v. Dyson,* 292 Or 26, 36, 636 P2d 961 (1981). However, in the absence of a further motion for postponement or any other evidence demonstrating that the prejudice from the discovery violation was not cured in this case by the trial judge's actions, we cannot say that he abused his discretion in denying defendant's motion.[1]

Affirmed.

---

[1] We do not address defendant's other assignments of error, because they lack merit.